| | |
|---|---|
| HELENE OLBINSKI, Individually and on Behalf of All Others Similarly Situated, <br><br> Plaintiff, <br><br> vs. <br><br> MESSERLI & KRAMER, P.A., <br><br> Defendant. | Case No.: 17-cv-282 <br><br> **CLASS ACTION COMPLAINT** <br><br><br> **Jury Trial Demanded** |

## INTRODUCTION

1.      This class action seeks redress for collection practices that violate the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.* (the "FDCPA").

## JURISDICTION AND VENUE

2.      The court has jurisdiction to grant the relief sought by the Plaintiff pursuant to 15 U.S.C. § 1692k and 28 U.S.C. §§ 1331 and 1337. Venue in this District is proper in that Defendant directed its collection efforts into the District.

## PARTIES

3.      Plaintiff Helene Olbinski is an individual who resides in the Eastern District of Wisconsin (Milwaukee County).

4.      Plaintiff is a "consumer" as defined in the FDCPA, 15 U.S.C. § 1692a(3), in that Defendant sought to collect from her a debt allegedly incurred for personal, family or household purposes, namely a credit card debt.

5.      Defendant Messerli & Kramer, P.A. ("Messerli") is a debt collection agency with its principal offices at 100 S 5th Street, 1400 Fifth Street Towers, Minneapolis, MN 55402.

6.      Messerli is engaged in the business of a collection agency, using the mails and telephone to collect consumer debts originally owed to others.

7.     Messerli is engaged in the business of collecting debts owed to others and incurred for personal, family or household purposes. Messerli is a debt collector as defined in 15 U.S.C. § 1692a.

**FACTS**

8.     On or about January 25, 2017, Messerli mailed a debt collection letter to Plaintiff regarding an alleged debt, allegedly owed to "Discover Bank." A copy of this letter is attached to this complaint as Exhibit A.

9.     The alleged debt identified in Exhibit A is an alleged credit card account used for personal, family or household purposes.

10.     Upon information and belief, Exhibit A is a form letter, generated by computer, and with the information specific to Plaintiff inserted by computer.

11.     Upon information and belief, Exhibit A is a form debt collection letter used by MESSERLI to attempt to collect alleged debts.

12.     Exhibit A contains the following text:

- Option 1: 1 payment of $4,882.23 due in our office no later than 02/28/2017.

- Option 2: 18 payments of $287.19 (Totaling $5,169.42) with each payment due in our office no later than the 28th of each month for 18 consecutive months. The first payment would be due in our office no later than 02/28/2017.

- Option 3: 36 payments of $151.57 (Totaling $5,456.52) with each payment due in our office no later than the 28th of each month for 36 consecutive months. The first payment would be due in our office no later than 02/28/2017.

Exhibit A.

13.     Exhibit A also contains the following statement:

Please note that until an actual settlement is completed, meaning all payments are posted with good funds, the balance remains outstanding. For further assistance, please contact our office or go to www.mkbillpay.com.

14.     The unsophisticated consumer would be confused by the language in Exhibit A.

2

15. The language in paragraph 12 requires that the payment(s) must be received in Messerli's offices no later than certain dates, depending on whether option 1, 2 or 3 is chosen.

16. In Option 2, for example, 18 payments of $287.19 are due Messerli's office "no later than the 28th of each month for 18 consecutive months. The first payment would be due in our office no later than 02/28/2017."

17. If the unsophisticated consumer mailed in two payments in one month before the 28th, or if the payment was not for the exact amount of $287.19, it is unclear whether the money would be applied to the settlement amount or the total amount of the debt.

18. Moreover, the statement that "until an actual settlement is completed, meaning all payments are posted with good funds, the balance remains outstanding" is also misleading and confusing.

19. It is common for debt collectors, including law offices, to collect an account for several months and then return the account to the creditor, even while a consumer is making payments. It is also common for creditors to recall accounts from debt collectors and place the accounts with different collection agencies.

20. Recall and reassignment of accounts, or even disappearance of the in-progress settlement agreement while the debt remains with the same collection agency, sometimes occurs while the consumer is in the midst of a payment plan and not in default on the payment plan. *See, eg. Lesh v. Allied Interstate, LLC*, et al., No. 15-cv-1426 (E.D. Wis. *filed* Nov. 30, 2015); *Kleppin v. Estate Information Services LLC*, No. 14-cv-1484 (E.D. Wis. *filed* Nov. 24, 2014).

21. Messerli's assertion that the entire balance remains outstanding until the settlement amount is paid raises the risk that the consumer will begin making payments toward settlement, only to have Messerli or a new debt collector seek the entire balance later. *Id.*

3

22. It is also unclear how "total payment" in excess of the settlement payment amount would be treated.

23. <u>Exhibit A</u> fails to state the terms of the settlement offer in a non-confusing manner.

24. Messerli's misrepresentations are material misrepresentations because they mislead the unsophisticated consumer about the nature of the purported settlement offer.

25. The consequences of misleading a consumer with respect to settling a debt are much greater than misleading about the amount of the debt. A payment of the entire debt would leave pennies or, at most, a few dollars left over for payment later. *See eg. Miller v. McCalla, Raymer, Padrick, Cobb, Nichols, & Clark, L.L.C.*, 214 F.3d 872, 876 (7th Cir. 2000). Due to a few dollars or cents of payment above the settlement amount, Messerli and/or the creditor could continue to collect the entire remaining balance of the alleged debt.

26. Plaintiff was confused by <u>Exhibit A</u>.

27. The unsophisticated consumer would be confused by <u>Exhibit A</u>.

28. Plaintiff had to spend time and money investigating <u>Exhibit A</u>.

29. Plaintiff had to take time to obtain and meet with counsel, including traveling to counsel's office by car and its related expenses, including but not limited to the cost of gasoline and mileage, to advise Plaintiff on the consequences of <u>Exhibit A</u>.

30. The FDCPA creates substantive rights for consumers; violations cause injury to consumers, and such injuries are concrete and particularized. *Quinn v. Specialized Loan Servicing, LLC*, No. 16 C 2021, 2016 U.S. Dist. LEXIS 107299 *8-13 (N.D. Ill. Aug. 11, 2016) (rejecting challenge to Plaintiff's standing based upon alleged FDCPA statutory violation); *Lane v. Bayview Loan Servicing, LLC*, No. 15 C 10446, 2016 U.S. Dist. LEXIS 89258 *9-10 (N.D. Ill.

4

July 11, 2016) ("When a federal statute is violated, and especially when Congress has created a cause of action for its violation, by definition Congress has created a legally protected interest that it deems important enough for a lawsuit."); *Church v. Accretive Health, Inc.*, No. 15-15708, 2016 U.S. App. LEXIS 12414 *7-11 (11th Cir. July 6, 2016) (same); *see also Mogg v. Jacobs*, No. 15-CV-1142-JPG-DGW, 2016 U.S. Dist. LEXIS 33229, 2016 WL 1029396, at *5 (S.D. Ill. Mar. 15, 2016) ("Congress does have the power to enact statutes creating legal rights, the invasion of which creates standing, even though no injury would exist without the statute," (quoting *Sterk v. Redbox Automated Retail, LLC*, 770 F.3d 618, 623 (7th Cir. 2014)). For this reason, and to encourage consumers to bring FDCPA actions, Congress authorized an award of statutory damages for violations. 15 U.S.C. § 1692k(a).

31.     Moreover, Congress has explicitly described the FDCPA as regulating "abusive practices" in debt collection. 15 U.S.C. §§ 1692(a) – 1692(e). Any person who receives a debt collection letter containing a violation of the FDCPA is a victim of abusive practices. *See* 15 U.S.C. §§ 1692(e) ("It is the purpose of this subchapter to eliminate abusive debt collection practices by debt collectors, to insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote consistent State action to protect consumers against debt collection abuses").

32.     15 U.S.C. § 1692e generally prohibits "any false, deceptive, or misleading representation or means in connection with the collection of any debt."

33.     15 U.S.C. § 1692e(2)(a) specifically prohibits the "false representation of the character, amount, or legal status" of an alleged debt.

34.     15 U.S.C. § 1692e(10) specifically prohibits the "use of any false representation or deceptive means to collect or attempt to collect any debt."

5

35.     15 U.S.C. § 1692f generally prohibits "unfair or unconscionable means to collect or attempt to collect any debt."

## COUNT I – FDCPA

36.     Plaintiff incorporates by reference as if fully set forth herein the allegations contained in the preceding paragraphs of this Complaint.

37.     The language in Exhibit A is confusing to the unsophisticated consumer in that it makes unclear how a payment of an amount greater than the listed payment amount would be applied to a consumer's account.

38.     The language in Exhibit A is also confusing to the unsophisticated consumer in that it makes unclear how two payments sent to Messerli before the 28th of the month would be applied to a consumer's account.

39.     Messerli violated 15 U.S.C. §§ 1692e, 1692e(2)(a), 1692e(10), 1692f.

## CLASS ALLEGATIONS

40.     Plaintiff brings this action on behalf of a Class, consisting of (a) all natural persons in the State of Wisconsin (b) who were sent a collection letter in the form represented by Exhibit A to the complaint in this action, (c) seeking to collect a debt for personal, family or household purposes, (d) between February 27, 2016 and February 27, 2017, inclusive, (e) that was not returned by the postal service.

41.     The Class is so numerous that joinder is impracticable.  Upon information and belief, there are more than 50 members of the Class.

42.     There are questions of law and fact common to the members of the class, which common questions predominate over any questions that affect only individual class members. The predominant common question is whether the Defendant complied with 15 U.S.C. §§ 1692e and 1692f.

6

43. Plaintiff's claims are typical of the claims of the Class members. All are based on the same factual and legal theories.

44. Plaintiff will fairly and adequately represent the interests of the Class members. Plaintiff has retained counsel experienced in consumer credit and debt collection abuse cases.

45. A class action is superior to other alternative methods of adjudicating this dispute. Individual cases are not economically feasible.

## JURY DEMAND

46. Plaintiff hereby demands a trial by jury.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff requests that the Court enter judgment in favor of Plaintiff and the Class and against Defendant for:

(a) actual damages;

(b) statutory damages;

(c) attorneys' fees, litigation expenses and costs of suit; and

(d) such other or further relief as the Court deems proper.

Dated: February 27, 2017

**ADEMI & O'REILLY, LLP**

By: /s/ John D. Blythin
Shpetim Ademi (SBN 1026973)
John D. Blythin (SBN 1046105)
Mark A. Eldridge (SBN 1089944)
Denise L. Morris (SBN 1097911)
3620 East Layton Avenue
Cudahy, WI 53110
(414) 482-8000
(414) 482-8001 (fax)
sademi@ademilaw.com
jblythin@ademilaw.com
meldridge@ademilaw.com
dmorris@ademilaw.com

7